IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19 C 1839 |
| ) | |
| MIDLAND CREDIT ) | |
| MANAGEMENT, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On March 15, 2019, Charles Barnett filed the present lawsuit against Midland Credit Management, Inc., alleging violations of the Fair Debt Collection Practices Act (FDCPA) and the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA). On April 24, Midland filed a motion to dismiss Barnett's complaint for failure to state a claim. On May 15, 2019, shortly before his response to the motion to dismiss was due, Barnett filed an amended complaint in which he dropped the ICFA claim. Midland renewed its motion to dismiss the FDCPA claim and also moved for sanctions under 28 U.S.C. § 1927, alleging that Barnett's counsel had vexatiously multiplied the proceedings by initially filing a baseless ICFA claim. For the reasons stated below, the Court denies both motions.

### Facts

Midland is a debt collector. Sometime prior to February 5, 2019, Midland attempted to collect a consumer debt from Barnett in an amount just over $1,200. On

February 5, 2019, Barnett accessed Midland's website to get more information about the debt. While on the website, Barnett was presented with the following notification:

> **If you live in IL, this applies to you:** The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or nonpayment of it to a credit bureau. If you make a payment on this debt, we will not use the payment to restart the time to sue you for this debt even if the law permits us to do so.

The applicable statute of limitations on Barnett's debt is five years, and as of February 2019 it was outside the statute of limitations. Barnett alleges that the statement on Midland's website was materially misleading in violation of the FDCPA because it falsely suggested that Midland had simply chosen not to sue him for the debt, not that it was legally barred from doing so.

While on Midland's website, Barnett was also presented with "discount offers" that stated: "Resolve Your Account Today"; "We are not obliged to renew these offers"; "This offer may not be available after today"; and "In order to accept this offer, please make a payment today." Barnett alleges that these statements were materially misleading in violation of the FDCPA because they induced a false sense of urgency to pay the time-barred debt.

## Discussion

**1. Motion to dismiss FDCPA claim**

Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This includes "[t]he false representation of ... the character, amount, or legal status of any debt," *id.* § 1692e(2)(A), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt," *id.* § 1692e(10). *See Wahl v.*

2

*Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009).

To determine whether a particular communication runs afoul of these prohibitions, the Court looks at the communication from the standpoint of an "unsophisticated consumer," a person who may be "uninformed, naïve, [and] trusting" but who has "rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Id.* (internal quotation marks omitted). Although the unsophisticated consumer "may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion." *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014) (internal quotation marks omitted). "If a statement would not mislead an unsophisticated consumer, it does not violate the FDCPA." *Wahl*, 556 F.3d at 645.

In some circumstances, determination of whether a communication is misleading to an unsophisticated consumer involves questions of fact that a court cannot determine on a motion to dismiss for failure to state a claim. *See Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999). But if a court can determine from the face of a particular statement that "not even a significant fraction of the population would be misled by it," then the court should dismiss the plaintiff's claim. *See Gruber*, 742 F.3d at 274. In other words, if the challenged statements "plainly, on their face, are not misleading or deceptive," a court should dismiss the plaintiff's claim without looking to extrinsic evidence. *Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009).

As the Seventh Circuit has stated, collection efforts regarding time-barred debts "offer opportunities for mischief and deception." *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 684 (7th Cir. 2018). One is "the danger that a debtor who accepts

3

the offered terms of settlement will, by doing so, waive his otherwise absolute defense under the statute of limitations," the reason being that under Illinois law, a payment or promise to make a payment on a time-barred debt starts the statute of limitations running anew. *Id.* at 684-85. It appears that Midland's disclosure avoided this problem, because it included a promise not to use a payment to restart the time to sue on the debt.

But that does not mean that Midland is out of the woods. The disclosure said, accurately, that the law limits the time for filing suit, and it went on to say that "[d]ue to the age of this debt, we will not sue you for it or report payment or nonpayment of it to a credit bureau." Midland nowhere stated, however, that it *cannot* sue Barnett to recover the debt. The difference between "will not" and "cannot" is arguably material, as the Seventh Circuit concluded in *Pantoja*. There the court determined that a statement that the collector "will not sue you for" the debt was "deceptive and misleading [because] it gives the impression that [the collector] has only chosen not to sue, not that it is legally barred from doing so." *Pantoja*, 852 F.3d at 686. An unsophisticated consumer could read Midland's disclosure the same way.

It is true, as Midland points out, that its disclosure, unlike the debt collector's statements in *Pantoja*, included a statement that the law limits how long Barnett could be sued on the debt. And this could be a material difference vis-à-vis the statement at issue in *Pantoja*. Indeed, if the Court were asked at this juncture to determine that Midland's disclosure was misleading as a matter of law—the ruling the Seventh Circuit made in *Pantoja*—it might well decline to do so, leaving the matter for further factual development. But that is not the issue before the Court. Rather, the question posed is

4

essentially the converse: Midland is asking the Court to determine that its disclosure was *not* misleading as a matter of law. Given the potential for misinterpretation of the statement about why Midland was not suing Barnett, the Court cannot make such a determination. Barnett is entitled to present evidence to support his claim that the disclosure was misleading.

Because this determination requires denial of Midland's motion to dismiss, the Court need not address the question of whether the other language on Midland's payment portal cited by Barnett was deceptive.

**2.     Request for sanctions for dismissal of ICFA claim**

Midland asks the Court to impose sanctions on Barnett's counsel under 28 U.S.C. § 1927 for initially asserting, and then withdrawing, Barnett's claim under the Illinois Consumer Fraud Act. Section 1927 authorizes a court to impose a monetary sanction upon an attorney who "unreasonably and vexatiously multiplies the proceedings."

The Court declines Midland's request. Barnett's counsel promptly dropped the ICFA claim after Midland challenged it, which suggests the opposite of "vexatious" conduct. And given Barnett's continued pursuit of the FDCPA claim—a claim the Court has now upheld, at least at the pleading stage—it is likely that the dropping of the ICFA claim simply represents, as Barnett contends, a strategic choice to focus on the FDCPA claim (which the ICFA claim largely duplicated), not, as Midland suggests, a concession that the ICFA claim was baseless. Finally, were the Court to impose a sanction based on the fleeting presence of the ICFA claim, it might encourage litigants to continue to pursue weaker claims or defenses to avoid a perception that they always understood

5

them to be frivolous. That *would* result in the undue multiplication of proceedings.

## Conclusion

For the reasons stated above, the Court denies defendant's motion to dismiss [13] as well as its request to sanction plaintiff's counsel under 28 U.S.C. § 1927. Defendant is directed to answer the complaint within 14 days of entry of this order. The ruling date of August 22, 2019 is vacated, but the case remains set for a status hearing on that date for the purpose of setting a discovery and pretrial schedule.

Date: August 15, 2019

_____
MATTHEW F. KENNELLY
United States District Judge